**UNITED STATES of America,**

v.

**Ronald TABAS, Appellant.**

No. 98–1898.

United States Court of Appeals, Third Circuit.

Argued April 26, 2002.

Decided May 7, 2002.

Thomas R. Valen [Argued], Gibbons, Del Deo, Dolan, Griffinger & Vecchione, Newark, NJ, for Appellant.

Frank A. Labor, III [Argued], Robert K. Gordon, Office of the U.S. Attorney, Phila., PA, for Appellee.

Before BECKER, Chief Judge, SCIRICA, and RENDELL, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Defendant Ronald Tabas raises two issues on appeal from denial of his habeas petition under § 2255. He argues that the District Court should not have summarily dismissed his claim that his attorney, Stein, had a conflict of interest in that he failed to vigorously represent Tabas' interests because he feared forfeiture of his fees. Tabas also urges that Sentencing Guideline § 5K1.1, which provides for downward departure when a defendant has provided substantial assistance, burdens his statutory and First Amendment rights to the free exercise of religion because a Rabbi advised him that it is forbidden for a Jew to inform against others.

We do not reach the merits of the appeal but, rather, conclude that the certificate of appealability was improvidently granted.[1]

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As we made clear in our *en banc* opinion in *United States v. Cepero,* the issuance of a certificate of appealability is reviewable on appeal. 224 F.3d 256, 257 (3d Cir.2000) (en banc) (dismissing the appeal because the district court "erroneously issued the certificate of appealability because [applicant] did not make a 'substantial showing of the denial of a constitutional right'").

Tabas has not made a substantial showing that his Sixth Amendment right to counsel was violated. There was a comprehensive hearing and consideration by the District Court with respect to his waiver of a conflict of interest. While it was directed specifically to the conflict that would arise if counsel were called as a witness, nonetheless Tabas was clearly aware of the scope of the conflict issue. The ruling of the District Court regarding waiver was stated in broad terms, and was not limited to the fact that Stein might testify. Tabas did not voice objection to this waiver, but now argues a limitation that does not exist. It was well-known that Stein's receipt of funds that might be subject to forfeiture was an aspect of the

---

1. Tabas initially did not request a certificate of appealabilty. In response to Tabas' notice of appeal, we remanded the matter to the District Court for it to issue a certificate of appealability or explain its refusal to do so. The District Court entered its order granting a certificate in response to our remand without specifying the issues that qualified for appeal.

No party challenges the adequacy of the District Court's order on the ground that it failed to specify the issues as to which the certificate was granted. Even if they did, however, our analysis would likely not change. The appeal is fully briefed and, in accordance with *Szuchon v. Lehman,* 273 F.3d 299, 311 n. 5 (3d Cir.2001), we could consider the notice of appeal as a request for a certificate of appealability and, applying the same reasoning as we do herein, we would deny a certificate of appealability as to all issues.

case, and Tabas was well-represented by experienced counsel who, no doubt, counseled Tabas as to Stein's interest in the forfeiture issue. We are confident that counsel and Tabas understood the implications of Stein's representation. It is also clear that Tabas wanted Stein as his counsel, and that choice must be respected by the District Court. *See, e.g., United States v. Laura*, 607 F.2d 52, 53 (3d Cir.1979) ("A defendant's decision ... to place his liberty and possibly his life in the hands of an attorney of his choice may not be lightly tampered with.").

With respect to the religious liberty claim, we find it to be based upon RFRA, which is statutory and therefore not susceptible to the issuance of a certificate of appealability under our ruling in *Cepero*, 224 F.3d at 262. There we stated that, under 28 U.S.C. § 2253(c)(2), "we have appellate jurisdiction over only those issues substantially shown to deny a petitioner a *constitutional* right." *Id.* at 267 (emphasis added). Moreover, we do not find that Tabas preserved a First Amendment challenge to Sentencing Guideline 5K1. He concedes that he did not raise it on direct appeal and fails to show cause and prejudice.

In sum, the certificate of appealability was improvidently granted and, accordingly, we will dismiss for lack of jurisdiction.